**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Wells Fargo Financial
Leasing, Inc.

    v.
                            Civil No. 16-cv-218-LM
                                   Opinion No. 2016 DNH 177

Tulley Automotive
Group, Inc.


**O R D E R**

     In this contract dispute, out-of-state plaintiff Wells
Fargo Financial Leasing, Inc. ("Wells Fargo") sues a New
Hampshire business, Tulley Automotive Group, Inc. ("Tulley"),
alleging that Tulley defaulted on a lease agreement for computer
networking equipment.  Because Tulley is already defending
against a related but distinct lawsuit in New Jersey (a lawsuit
brought by a different plaintiff), Tulley seeks to transfer this
lawsuit to New Jersey (doc. no. 8) and defend itself in a single
venue.  Wells Fargo seeks to remand this lawsuit back to the
state court where Wells Fargo originally filed it (doc. no. 6).
For the reasons explained below, both motions are denied.


**Background**

     During the summer of 2013, Tulley purchased a computer
operating system for its auto dealerships known as a dealer
management system ("DMS").  To acquire the DMS, Tulley entered
into separate contracts with two associated organizations: one

contract to obtain the software in June 2013 and one contract to obtain the computer equipment in July 2013.[1] First, to acquire software licenses and maintenance services related to the DMS, Tulley entered into a Master Services Agreement with ADP Dealer Services, Inc. ("ADP Dealer").  Next, to obtain the computer networking equipment, Tulley and ADP Commercial Leasing, LLC ("ADP Commercial") executed an equipment lease agreement ("Equipment Lease").

At some point, Tulley allegedly stopped making payments and defaulted on its obligations under both the Master Services Agreement and the Equipment Lease.  Tulley is now the defendant in two separate lawsuits: (1) an action for breach of the Master Services Agreement currently pending in a New Jersey federal court, and (2) the instant case filed by Wells Fargo for breach of the Equipment Lease.

A.  <u>New Jersey Action</u>

On May 1, 2015, CDK Global, LLC ("CDK"), as successor-in-interest to ADP Dealer, filed suit against Tulley in the United

---

[1] In its motion to transfer or, in the alternative, stay the proceedings, Tulley asserts that ADP Dealer and ADP Commercial "work together to provide services, support, software licenses, and equipment to automobile dealers through the country."  Doc. no. 8 at 1-2.  The court presumes that ADP Dealer and ADP Commercial are both affiliated with the company known as "Automatic Data Processing, Inc.," though Tulley fails to allege this fact.

States District Court for the District of New Jersey for breach of the Master Services Agreement.  See CDK Glob., LLC v. Tulley Auto. Grp., Inc., No. 15-cv-3103-KM-JBC (D.N.J.) (hereinafter, referred to as the "New Jersey Action").  Wells Fargo is not a party to the New Jersey Action.

Tulley filed counterclaims in the New Jersey Action alleging fraudulent inducement, rescission, breach of contract, violation of the New Jersey Consumer Fraud Act, and unjust enrichment.  In those counterclaims, Tulley alleged that ADP Dealer made several misrepresentations and omissions to induce Tulley to purchase the DMS.  CDK moved to dismiss Tulley's counterclaims under Federal Rule of Civil Procedure 12(b)(6), but, with the exception of the rescission claim, the district court denied CDK's motion.  CDK Glob., LLC v. Tulley Auto. Grp., Inc., No. 15-cv-3103-KM-JBC, 2016 WL 1718100 (D.N.J. Apr. 29, 2016).  The parties have engaged in discovery.  See doc. no. 8-4 at 11.

B.  New Hampshire Action

At some point, Wells Fargo acquired ADP Commercial's rights under the Equipment Lease.[2]  In April 2016, Wells Fargo filed

---

[2] Although not entirely clear from the pleadings, ADP Commercial apparently transferred the Equipment Lease to General Electric Capital Commercial, Inc. ("GE"), and Wells Fargo later acquired the Equipment Lease from GE.

this lawsuit for breach of the Equipment Lease in New Hampshire
Superior Court, alleging that Tulley defaulted under the terms
of the Equipment Lease after making 27 of 60 monthly payments.
Wells Fargo alleges that Tulley owes $84,310.69 as a result of
its breach.  Tulley removed the case to this court on the basis
of diversity jurisdiction.

**Discussion**

Before the court are Wells Fargo's motion to remand the
case to state court and Tulley's motion to transfer or, in the
alternative, stay the proceedings.

I. Motion to Remand

Once a case has been removed to federal court, the
plaintiff may move to remand the case to state court because of
a defect, other than lack of subject matter jurisdiction, within
30 days of removal.  See 28 U.S.C. § 1447(c).  "To oppose a
motion to remand, the defendant[] bear[s] the burden of showing
that removal was proper." Sevigny v. British Aviation Ins. Co.,
No. 15-cv-127-JD, 2015 WL 3755204, at *1 (D.N.H. June 16, 2015)
(internal citations omitted).

Tulley has met its burden of establishing that removal was
timely and proper based on the court's diversity jurisdiction,
and Wells Fargo does not argue that this court lacks subject

4

matter jurisdiction over this case.[3] Rather, Wells Fargo moves
to remand based on the following clause contained in Paragraph
25 of the Equipment Lease:

> THE RIGHTS OF THE PARTIES UNDER THIS LEASE SHALL BE
> GOVERNED BY THE LAWS OF THE STATE OF NEW JERSEY
> WITHOUT REFERENCE TO CONFLICT OF LAW PRINCIPLES[.]
> ANY ACTION BETWEEN LESSEE AND LESSOR SHALL BE BROUGHT
> IN ANY STATE OR FEDERAL COURT LOCATED IN THE COUNTY OF
> MORRIS, NEW JERSEY, OR AT LESSOR'S SOLE OPTION, IN THE
> STATE WHERE THE LESSEE OF THE EQUIPMENT IS LOCATED.

Doc. no. 1-1 at 8. Wells Fargo argues that this forum selection
clause bars removal to federal court.

"When the basis for removal jurisdiction is established and
the issue of remand turns on the language of a forum selection
clause, remand is only required where there is 'clear language
indicating that jurisdiction and venue are appropriate
exclusively in the designated forum.'" Inhabitants of Fairfield
v. Time Warner Cable Enters., LLC, No. 1:14-CV-495-JDL, 2015 WL
1565237, at *1 (D. Me. Apr. 8, 2015) (quoting Claudio-De Leon v.

---

[3] Wells Fargo is an Iowa corporation and Tulley is a New
Hampshire corporation, and the amount in controversy exceeds
$75,000. Although 28 U.S.C. § 1441(b)(2), known as the "forum
defendant rule," prohibits removal in diversity cases where any
defendant is a citizen of the forum state, Wells Fargo did not
raise the issue of Tulley's citizenship in its motion to remand.
Because § 1441(b)(2) is a procedural defect, not a juris-
dictional limit on the court's subject matter jurisdiction,
Wells Fargo, by failing to raise a forum defendant rule
objection within 30 days of removal, waived any such objection
pursuant to § 1447(c). See Samaan v. St. Joseph Hosp., 670 F.3d
21, 28 (1st Cir. 2012); see also R & N Check Corp. v. Bottomline
Techs., Inc., No. 13-cv-118-SM, 2013 WL 6055233, at *3 n.2
(D.N.H. Nov. 15, 2013).

Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014)).  Although the First Circuit has not directly addressed the issue, several other circuits have reached the conclusion "that the statutory right of state court defendants to remove actions to federal district court . . . may only be waived by clear and unequivocal language."  Fairfield, 2015 WL 1565237, at *2 (citing cases).

The plain language of the Equipment Lease limits the parties to bringing an action in any state or federal court in the County of Morris, New Jersey, or, at the lessor's sole option, *in the state where the lessee of the equipment is located*, which in this case is New Hampshire.  Although Wells Fargo chose to file this lawsuit in New Hampshire, the Equipment Lease does not mandate that an action be brought in a New Hampshire state court forum to the exclusion of federal court. The above-italicized language does not give New Hampshire's state courts exclusive jurisdiction over this matter.  Cf. Skydive Factory, Inc. v. Skydive Orange, Inc., No. 12-cv-307-SM, 2013 WL 954449, at *1-3 (D.N.H. Mar. 12, 2013) (finding exclusive state court jurisdiction and remand warranted where the forum selection clause indicated that "disputes related to this agreement shall be filed in Strafford County, the State Courts of New Hampshire").  Moreover, the Equipment Lease does not mention a waiver of Tulley's right of removal from one of

the designated forums.  Thus, the forum selection clause in the
Equipment Lease does not clearly and unequivocally waive
Tulley's right of removal.

Wells Fargo further contends that the choice of law
provision contained in Paragraph 25 of the Equipment Lease bars
removal.[4]  Wells Fargo argues that remand is appropriate because
"[t]he U.S. District Court for the District of New Hampshire has
long held that choice of law provisions are valid and binding."
Doc. no. 6 at 3.  However, Wells Fargo offers no explanation as
to why the application of New Jersey law to this action warrants
remand to the New Hampshire state court.

Accordingly, because neither the forum selection clause nor
the choice of law provision in the Equipment Lease precludes
removal, Wells Fargo's motion to remand is denied.

II. Motion to Transfer

Tulley moves, pursuant to 28 U.S.C. § 1404(a), to transfer
this case to the United States District Court for the District
of New Jersey or, in the alternative, stay the proceedings.
Tulley argues that this action should be transferred or stayed

---

[4] The choice of law provision states: "The rights of the
parties under this lease shall be governed by the laws of the
State of New Jersey without reference to conflict of law
principles . . . ."  Doc. no. 1-1 at 8, ¶ 25.

because the debt claimed by Wells Fargo is the subject of the New Jersey Action.[5]

Under § 1404(a), a district court may transfer a civil action to any other district where it may have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).  "The burden of proof rests with the party seeking transfer; there is a strong presumption in favor of the plaintiff's choice of forum." Jackson Nat'l Life Ins. Co. v. Economou, 557 F. Supp. 2d 216, 219-20 (D.N.H. 2008) (quoting Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000)).  "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 12 (1st Cir. 2009) (internal quotations and citations omitted).

When deciding whether to transfer a case to another venue under § 1404(a), the court weighs a number of "private interest" and "public interest" factors. Campbell v. CGM, LLC, No. 15-cv-88-JD, 2015 WL 4424018, at *9 (D.N.H. July 20, 2015) (citing

---

[5] Wells Fargo failed to file a timely objection, but, after the deadline passed, moved for leave to file a late objection (doc. no. 12).  Because the court denies Tulley's motion to transfer, however, the court need not address Wells Fargo's request to file a late objection.

Jackson, 557 F. Supp. 2d at 220).  The court also balances
considerations of efficiency and judicial economy.  C & S
Wholesale Grocers, Inc. v. Grocery Haulers, Inc., No. 11-cv-127-
LM, 2011 WL 4527411, at *5-6 (D.N.H. Sept. 28, 2011).

  A.  <u>Private Interest Factors</u>

  The private interest factors relevant to this case are: (1)
the plaintiff's choice of forum, (2) the location of the
operative events in the case, (3) the convenience of the
parties, (4) the convenience of the witnesses, (5) the cost of
obtaining witnesses, and (6) the accessibility and location of
sources of proof.  See Jackson, 557 F. Supp. 2d at 220 (citing
Coady, 223 F.3d at 11).  The court analyzes these factors below.

  The first factor, plaintiff's choice of forum, strongly
favors venue in New Hampshire.  Wells Fargo chose to bring this
lawsuit in New Hampshire, and, as explained above, "there is a
strong presumption in favor of the plaintiff's choice of forum."
Id. at 220 (quoting Coady, 223 F.3d at 11).  Tulley must show
that the balance of the other private interest factors outweighs
that presumption.  See Campbell, 2015 WL 4424018, at *10.

  The second factor, the location of the operative events
underlying this lawsuit, favors venue in New Hampshire as all
operative events related to the Equipment Lease occurred in New
Hampshire.  Although the original lessor was located in New

Jersey, Tulley is located in New Hampshire and all equipment provided under the Equipment Lease was installed and used in New Hampshire.

The third factor, convenience of the parties, weighs slightly in favor of transfer.  Wells Fargo is an Iowa corporation and Tulley is a New Hampshire corporation.  That fact alone would appear to weigh against transfer from New Hampshire.  However, Tulley argues it would be more convenient to litigate this case in New Jersey because Tulley is already participating in the New Jersey Action.  In short, this factor weighs slightly in favor of transfer.

The fourth and fifth factors, the convenience of the witnesses and the cost of obtaining witnesses, weigh neither for nor against transfer.  According to Tulley, many of the relevant witnesses in this case are already participating in the New Jersey Action.  However, Tulley does not indicate where these unnamed witnesses reside.  Nor does Tulley clarify the burden or costs associated with getting these witnesses to testify in New Jersey as opposed to New Hampshire.  Thus, Tulley has provided insufficient information to construe these factors in favor of transfer.

Likewise, the sixth factor, the accessibility and location of sources of proof, does not tip the scale in either direction. Tulley argues that many of the documents relevant to the New

10

Jersey Action will be relevant to the present case.  However, Tulley does not state whether these unidentified documents are located in New Jersey or New Hampshire.

In sum, the only private interest factor weighing slightly in favor of transfer is the convenience of the parties.  The remaining factors are either neutral or weigh against transfer.  Thus, the balance of private interest factors weighs against transferring this case.

###   B.  Public Interest Factors

The public interest factors the court considers are: (1) administrative difficulties caused by court congestion, (2) local interest in the controversy and the burden of jury duty, and (3) the proposed forum's familiarity with the governing law.  Jackson, 557 F. Supp. 2d at 223 (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220-21 (7th Cir. 1986)).

As Tulley does not mention the first public interest factor in support of its transfer motion, and the court sees no court congestion concerns, this factor weighs against transfer.  The second factor is neutral, as Tulley has not asserted that either New Jersey or New Hampshire has a stronger local interest in the outcome of this dispute.  The third factor, the proposed forum's familiarity with the governing law, weighs in favor of transfer.  While this court certainly has the ability to interpret and

apply the law of another jurisdiction, the application of New Jersey law favors transfer in this case.[6]  See Jackson, 557 F. Supp. 2d 216 at 223-24 (noting that the application of out-of-state law favors, but does not compel, transfer); see also C & S Wholesale Grocers, 2011 WL 4527411, at *6.  However, this factor alone does not tip the balance in Tulley's favor.  The three public interest factors, in the aggregate, weigh neither for nor against transfer.

###### C.  Efficiency and Judicial Economy

Finally, the court balances considerations of efficiency and judicial economy.  C & S Wholesale Grocers, 2011 WL 4527411, at *5-6.  "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Continental Grain Co. v. Barge FBL—585, 364 U.S. 19, 26 (1960).

Tulley argues that it will raise the same defenses and counterclaims in this case that it did in the New Jersey Action. Tulley also asserts that the legal issues in the two cases are "identical" and that litigating them in two forums is inefficient, risks inconsistent results, and would be overly

---

[6] As discussed above, Paragraph 25 of the Equipment Lease contains a choice of law provision specifying New Jersey law as the law governing the contract.

burdensome.   However, Tulley's assertion that the two actions involve identical issues is merely conclusory.   While both the present case and the New Jersey Action arise from Tulley's purchase of a single DMS and there will likely be some overlapping discovery, Tulley has not provided the court with facts sufficient to conclude that the cases involve identical issues.   The cases are based on two separate contracts containing different terms and warranties, and Tulley has not explained how resolution of the New Jersey Action will influence the present litigation.[7]   The court simply cannot conclude that the underlying disputes are so intertwined as to shift the balance in favor of transfer.

    D.   Balance of the Factors

Having weighed the relevant private interest and public interest factors, as well as the goals of efficiency and judicial economy, the court concludes that Tulley has not met its burden of demonstrating that transfer is warranted.

---

[7] Indeed, the Equipment Lease indicates that Tulley's duty to pay rent under the Equipment Lease is not affected by any representations made by the "equipment supplier."   Doc. no. 1-1 at 7, ¶ 5.   CDK, the plaintiff in the New Jersey Action, appears to be the "equipment supplier."   Id.   Other than a single conclusory assertion, Tulley has given the court no basis to conclude that Tulley's liability under the Equipment Lease will be affected by the outcome of the New Jersey Action.

Therefore, the court will not transfer venue to the District of
New Jersey.

    E.  <u>Stay of the Proceedings</u>

    Tulley moves in the alternative to stay the proceedings
pending adjudication of the New Jersey Action.

> It is beyond cavil that, absent a statute or rule to
> the contrary, federal district courts possess the
> inherent power to stay pending litigation when the
> efficacious management of court dockets reasonably
> requires such intervention.  Of course, stays cannot
> be cavalierly dispensed: there must be good cause for
> their issuance; they must be reasonable in duration;
> and the court must ensure that competing equities are
> weighed and balanced.

Marquis v. F.D.I.C., 965 F.2d 1148, 1154-55 (1st Cir. 1992)

(citing Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936))

(other citations omitted).

    Tulley asserts that a stay is appropriate because "upon the
completion of the New Jersey [A]ction, there will be few, if
any, factual issues remaining for determination in this Court.
Indeed, if Tulley's defenses and counterclaims are sustained in
the New Jersey [A]ction, there may not even be a case for
adjudication in this Court."  Doc. no. 8-4 at 12.  Here, other
than Tulley's conclusory assertions, Tulley has failed to
demonstrate that resolution of the New Jersey Action will have
any determinative impact on the outcome of the present case.
Thus, like Tulley's attempt to justify a transfer, Tulley has

failed to show good cause for the issuance of a stay.  For those reasons, Tulley's motion to transfer or, in the alternative, stay the proceedings is denied.

### Conclusion

For the foregoing reasons, Wells Fargo's motion to remand (doc. no. 6) and Tulley's motion to transfer or, in the alternative, stay the proceedings (doc. no. 8) are denied, and Wells Fargo's motion for leave to file a late objection (doc. no. 12) is denied as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge


September 29, 2016

cc:  Michael P. Marsille, Esq.
     Paul M. DeCarolis, Esq.

15