UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Wells Fargo Financial Leasing, Inc.

   v.

Tulley Automotive Group, Inc.         Civil No. 16-cv-218-LM
                                      Opinion No. 2017 DNH 172
   v.

CDK Global, LLC, as
successor-in-interest to
ADP Dealer Services, Inc.


**O R D E R**

In this contract dispute, Wells Fargo Financial Leasing, Inc. ("Wells Fargo") sues Tulley Automotive Group, Inc. ("Tulley"), alleging that Tulley defaulted on a lease agreement for computer networking equipment. Tulley filed a third-party complaint against CDK Global, LLC ("CDK") for indemnification, alleging that CDK fraudulently induced Tulley to enter into the lease agreement. CDK now moves to dismiss Tulley's third-party complaint. Tulley objects. For the reasons that follow, CDK's motion is granted.

**STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and

"determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014) (internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**BACKGROUND**

During the summer of 2013, Tulley purchased a computer system for its car dealerships known as a dealer management system ("DMS"). To acquire the DMS, Tulley entered into separate contracts with two associated organizations: one contract to obtain the computer software in June 2013 and another contract to obtain the computer hardware and equipment in July 2013. First, to acquire software and services related to the DMS, Tulley entered into a Master Services Agreement with ADP Dealer Services, Inc. ("ADP Dealer"). Next, to obtain the computer networking equipment, Tulley and ADP Commercial Leasing, LLC ("ADP Commercial") executed an equipment lease agreement ("Equipment Lease").

At some point, Tulley allegedly stopped making payments and defaulted on its obligations under both the Master Services

Agreement and the Equipment Lease. Tulley became the defendant in two separate lawsuits: (1) an action for breach of the Master Services Agreement currently pending in federal court in New Jersey, and (2) the instant case filed by Wells Fargo for breach of the Equipment Lease.

I. New Jersey Action

On May 1, 2015, CDK, as successor-in-interest to ADP Dealer, filed suit against Tulley in the United States District Court for the District of New Jersey for breach of the Master Services Agreement. See CDK Glob., LLC v. Tulley Auto. Grp., Inc., No. 15-cv-3103-KM-JBC (D.N.J.). Tulley filed counterclaims in the New Jersey action alleging fraudulent inducement, rescission, breach of contract, violation of the New Jersey Consumer Fraud Act, and unjust enrichment. In those counterclaims, Tulley alleged that CDK made material misrepresentations to induce Tulley to purchase the DMS and enter into the Master Services Agreement.[1] CDK moved to dismiss Tulley's counterclaims, and, with the exception of the

---

[1] As CDK is successor-in-interest to ADP Dealer, the court, for simplicity, refers to any representations made by ADP Dealer and its employees as representations made by CDK and its employees.

rescission claim, the district court denied CDK's motion. CDK Glob., LLC v. Tulley Auto. Grp., Inc., No. 15-cv-3103-KM-JBC, 2016 WL 1718100, at *7 (D.N.J. Apr. 29, 2016).

II. New Hampshire Action

At some point, Wells Fargo acquired ADP Commercial's rights under the Equipment Lease.[2] In April 2016, Wells Fargo filed this lawsuit for breach of the Equipment Lease in superior court, alleging that Tulley defaulted on the Equipment Lease after making 27 of 60 monthly payments. Wells Fargo alleged that Tulley still owed $84,310.69 under the Equipment Lease. Tulley removed the case to this court and then sought to transfer the case to the United States District Court for the District of New Jersey. See doc. no. 8. The court denied Tulley's motion, concluding that the New Jersey and New Hampshire actions involved two separate contracts containing different terms and warranties, and Tulley had not explained how its liability under the Equipment Lease would be affected by the outcome of the New Jersey action. See doc. no. 16 at 13 and n.7.

---

[2] Although not entirely clear from the pleadings, ADP Commercial apparently transferred the Equipment Lease to General Electric Capital Commercial, Inc. ("GE"), and Wells Fargo later acquired the Equipment Lease from GE.

4

Shortly thereafter, Tulley filed a third-party complaint in the New Hampshire action against CDK, alleging one count of fraudulent inducement.  See doc. no. 18.  Tulley alleges that CDK made material misrepresentations regarding the DMS to induce Tulley to enter into the Equipment Lease—the same misrepresentations that induced Tulley to sign the Master Services Agreement.  In its third-party complaint, Tulley seeks "indemnification damages" for any amount the court finds it must pay Wells Fargo under the Equipment Lease.  Id. at 22.

In May 2017, Wells Fargo and Tulley notified the court that they had settled their claims, leaving Tulley's third-party claim against CDK as the only claim remaining in the case.  CDK now moves to dismiss the third-party claim.

### DISCUSSION

CDK raises several arguments in support of its motion to dismiss Tulley's third-party complaint.  In particular, CDK contends that Tulley's fraudulent inducement claim is not a proper third-party claim under Federal Rule of Civil Procedure 14.  Further, CDK argues that Tulley's third-party complaint fails to state a viable common-law claim for indemnification under either New Hampshire or New Jersey law.  The court agrees.[3]

---

[3] Because the court grants CDK's motion on those grounds, it does not address the other arguments CDK raises in its motion.

Under Rule 14(a), a defendant may bring a third-party complaint against a non-party who is or may be liable to the defendant for all or part of the plaintiff's original claim. Fed. R. Civ. P. 14(a)(1). "A third-party claim may be asserted under Rule 14(a)(1) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defending party." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1446 (3d ed. 2010). Claims for indemnification, contribution, and breach of express or implied warranty are examples of "secondary or derivative liability." Id. Rule 14(a) "does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim." Davis v. Prot. One Alarm Monitoring, Inc., No. CIV.A. 03-40195-FDS, 2005 WL 3728711, at *6 (D. Mass. Nov. 2, 2005) (quoting United States v. Olavarrieta, 812 F.2d 640, 643 (11th Cir. 1987)). Rather, a third-party complaint must depend "at least in part upon the resolution of the primary lawsuit. Its relation to the original complaint is thus not mere factual similarity but logical dependence." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 376 (1978) (internal citation omitted).

Tulley's third-party complaint does not satisfy Rule 14(a). Tulley alleges that CDK employees made fraudulent representations to induce Tulley to enter into the Equipment Lease. That tort claim is in no way dependent on Wells Fargo's original breach of contract claim; whether CDK is liable for the alleged fraud does not depend on whether Tulley breached the Equipment Lease. Indeed, CDK's liability will not be affected by the outcome of Wells Fargo's breach of contract claim. As such, Tulley's fraudulent inducement claim is not a proper third-party claim under Rule 14. See, e.g., Deman Data Sys., LLC v. Schessel, No. 8:12-cv-2580-T-24 EAJ, 2014 WL 408443, at *5-6 (M.D. Fla. Feb. 3, 2014) (dismissing third-party claim for fraud in the inducement that was not dependent on underlying claim for enforcement of promissory notes); U.S. Distributors, Inc. v. Block, No. 09-21635-CIV, 2010 WL 337669, at *3-4 (S.D. Fla. Jan. 22, 2010) (striking third-party claim for fraud in the inducement that was independent from main breach of contract action, even though they arose out of the same transaction); Leasetec Corp. v. Inhabitants of Cty. of Cumberland, 896 F. Supp. 35, 38-41 (D. Me. 1995) (dismissing lessee's third-party complaint against computer equipment supplier for failure to provide proper equipment because third-party claims were not dependent on underlying breach of contract claim for unpaid

lease payments).

Moreover, the fraudulent inducement claim does not plausibly allege that CDK would be secondarily liable to Tulley in the event that Tulley is found liable to Wells Fargo for breaching the Equipment Lease. See Davis, 2005 WL 3728711, at *6 ("The purpose of Rule 14 is to enable the defendant 'to transfer to the third-party defendant the liability asserted against him by the original plaintiff.'" (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1446 (2d ed. 1990))). Though Tulley frames the third-party complaint as one for common-law indemnification, it does not state a valid indemnification claim under either New Hampshire or New Jersey law.[4]

Under New Hampshire law, the right to indemnity exists: "(1) where the indemnitee's liability is derivative or imputed by law; (2) where an implied duty to indemnify exists; or (3) where there is an express duty to indemnify." Gray v. Leisure Life Indus., 165 N.H. 324, 327 (2013) (internal quotation marks omitted). Tulley must rely on one of the first two types of indemnification, as its third-party complaint does not allege

---

[4] Because, as discussed below, Tulley's indemnification claim fails under either New Hampshire or New Jersey law, the court does not address the parties' dispute over which state's substantive law applies to Tulley's third-party complaint. See Lambert v. Kysar, 983 F.2d 1110, 1114 (1st Cir. 1993).

that CDK expressly agreed to indemnify Tulley.  The fraudulent inducement claim, however, does not fall into the first category, which "typically occurs in tort actions 'where one who, without active fault on his part, has been compelled by a legal obligation to pay an injured party for injuries caused by active fault of another.'"  Id. at 328 (quoting Morrissette v. Sears, Roebuck & Co., 114 N.H. 384, 387 (1974)).  And, with respect to the second category, the claim does not fall within the limited circumstances where the New Hampshire Supreme Court has recognized an implied right to indemnification.  See id.; see also Johnson v. Capital Offset Co., No. 11-cv-459-JD, 2013 WL 5406619, at *8 (D.N.H. Sept. 25, 2013) ("Under New Hampshire law, a right to indemnification is rarely implied.").  The court has found no New Hampshire cases suggesting that a defendant in a breach of contract action such as this has a common-law right to indemnification.

Tulley's indemnification claim fares no better under New Jersey law.  In New Jersey, common-law indemnification is available "to a person who is not at fault, but has become responsible in tort for the conduct of another."  Ronson v. Talesnick, 33 F. Supp. 2d 347, 357 (D.N.J. 1999) (emphasis added) (citing Adler's Quality Bakery, Inc. v. Gaseteria, Inc., 32 N.J. 55, 59-60, 159 A.2d 97 (1960)).  "Common law indemnity

9

is a means of restitution to be used by one tortfeasor against another, and not when the third party plaintiff's liability is based on a breached contract between it and the original plaintiff." Mobile Dredging & Pumping Co. v. City of Gloucester, No. Civ. 04-4624 (JBS), 2005 WL 1876080, at *4 (D.N.J. Aug. 4, 2005). "There is no New Jersey precedent that proposes a party sued for breach of contract can exercise the benefit of common law indemnity to recover from a third party its losses associated with that contractual breach." Id.

Here, Wells Fargo sued Tulley for breach of contract, not in tort. New Jersey common law does not provide Tulley with a right to seek indemnification from CDK in this breach of contract action.

In a last-ditch effort to save its third-party complaint, Tulley suggests that its fraudulent inducement claim seeks contribution from CDK because the parties are jointly liable to Wells Fargo. See doc. no. 36-2 at 4-5.

> [I]ndemnity is distinguished from contribution because, whereas indemnity shifts the entire burden of loss from one tortfeasor who has been compelled to pay it, to another whose act of negligence is the primary cause of the injured party's harm, contribution is partial payment made by each or any of jointly or severally liable tortfeasors who share a common liability to an injured party.

Gray, 165 N.H. at 330 (internal quotation marks omitted).

10

Contribution claims deal with liability among joint tortfeasors, and the court has found no support for the notion that either New Hampshire or New Jersey recognizes a right to contribution in this breach of contract action. Cf. RSA 507:7-f (New Hampshire statute establishing a right of contribution among joint tortfeasors); N.J. Stat. Ann. § 2A:53A-2 (New Jersey statute establishing that the "right of contribution exists among joint tortfeasors"). Because Wells Fargo's original claim against Tulley sounds in contract, not tort, CDK and Tulley cannot plausibly be joint tortfeasors in the underlying action.

In sum, Tulley's third-party complaint asserts a tort claim that is separate and independent from Wells Fargo's breach of contract action. Accordingly, Tulley's impleader action against CDK cannot survive under Rule 14.[5]

**CONCLUSION**

For the foregoing reasons, CDK's motion to dismiss Tulley's third-party complaint (doc. no. 34) is **GRANTED**. Tulley's third-party complaint (doc. no. 18) is **DISMISSED** without prejudice. In light of that ruling, CDK's motion to stay discovery (doc.

---

[5] The court notes that Tulley could have filed a counterclaim against CDK in the New Jersey action for damages caused by CDK's alleged fraud in inducing Tulley to enter into the Equipment Lease. See Fed. R. Civ. P. 13. In fact, Tulley brought a nearly identical counterclaim in New Jersey, alleging that CDK fraudulently induced Tulley to enter into the Master Services Agreement based on the same misrepresentations.

11

no. 50) and Tulley's motions to extend deadlines (doc. no. 51) and transfer the case (doc. no. 53) are **DENIED** as moot.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 1, 2017

cc:  Paul M. DeCarolis, Esq.
     Matthew Joseph Delude, Esq.
     Steven J. Dutton, Esq.
     Henry Klementowicz, Esq.
     Mark Miller, Esq.
     Regina S. Murphy, Esq.
     Thomas J. Pappas, Esq.
     Anthony Sculimbrene, Esq.